## Richmond.

JOHNSON'S ADM'R, &c. V. CITIZENS BANK OF RICHMOND.

MARCH 31st, 1887.

*Absent*—LEWIS, P.

WILLS—*Construction—Case at Bar*—By her will, J. gave two-thirds of her estate to her son E. and the rest to her son P. By codicil she directed that if coal be discovered on E.'s land, P. should have one-third of the profits in fee, and *vice versa;* and that should either son die without will or lawful issue, the survivor should heir the property of the deceased son. E. died without will or issue.

HELD :

1. This will was construed in *Randolph* v. *Wright*, 81 Va. 608, and is *res judicata.*

2. Each son took a defeasible fee in the lands devised to him, coupled with power of appointment by *will*, with remainder over to the survivor, and E.'s fee having been defeated by his death without issue living at his death, and having failed to appoint by will, the remainder to P. is good.

3. This applies to all the lands devised to the sons, including what is called the "Chesterfield land," as well as the "Richmond land."

4. No coal having been discovered in any of said lands, no controversy can arise respecting profits therefrom.

Appeal from decree of chancery court of city of Richmond pronounced in the cause of the Citizens Bank of Richmond against Joseph W. Johnston, administrator of Philip T. Johnson, deceased, and others. The decree being unfavorable to the said defendants, they appealed. Opinion states the case.

*F. W. Christian, G. K. Mason,* and *W. W. Gordon,* for the appellants.

*Pleasants & Massie, Wood Bouldin, Jr.,* and *Guy & Gilliam,* for the appellee.

LACY, J., delivered the opionion of the court.

The bill was filed by the appellee, the Citizens Bank of Richmond, on the twelfth day of July, 1881, in its own behalf and for the benefit of all other lien creditors of Philip T. Johnson and Frank D. Hill, to subject the real estate of the said Johnson and Hill to the payment of the liens thereon. The real estate of Philip T. Johnson being sufficient, and he being primarily liable, no steps were taken against the real estate of the said Hill. During the progress of the suit, the debts asserted against the said Johnson not being controverted, a question arose in the case as to what interest the said Johnson had in the real estate in question; it appearing that it was devised under the will of Mrs. Caroline M. R. Johnson, deceased.

Under her will the said real estate was devised as follows: The real estate in the city of Richmond was devised, two-thirds to her son Edward A. Johnson, one-third to her son, the said Philip T. Johnson, and after some small bequests, not questioned here, all the rest of the property, real and personal, was given the two sons Edward and Philip, to be equally divided between them, and Edward was to have the Salisbury house and improvements, should he wish it; and that the daughter, Rosena M. C. Martin, (now Wright,) was not to heir one cent of her property. By a codicil it was provided that, if a working seam or whatever quantity of coal may be discovered and worked on Edward's part of the Salisbury tract of land, Philip was to have one-third of the profits in fee-simple, to do in all

respects as he chooses with it; the same to be claimed by my son Edward, should coal be discovered on any part of Philip's land, which would be the tract called "Woodland," and as much of Salisbury as will make his acres equal to Edward's. "Should either son die without a will or lawful issue, the surviving son must heir all the property given by me to him."

The question being submitted to the chancery court, Edward having died without a will and without issue, what interest Philip took in the land of Edward, the said court held the foregoing limitation void for repugnancy, and decreed one half of the lands of Edward to the daughter, Rosena, and the other half to Philip. From this decree, Philip having died, the appellant appealed.

The only question in this case being as to the true construction of the said will of Caroline M. R. Johnson, this cannot be considered an open question in this court. The said Philip having, in his life-time, conveyed a piece of the Richmond city real estate to one N. V. Randolph, Rosena M. C. Wright instituted her action of ejectment against the said Randolph, and, judgment being rendered for her, that case was brought here by writ of error, and it was agreed that the judgment here in that case should conclude all questions as to the real estate held under Mrs. Caroline M. R. Johnson's will, situated in the city of Richmond. In that case the said will of Mrs. Caroline M. R. Johnson was construed here, and the judgment of the court below reversed; this court holding that Rosena took nothing under her mother's will. In the mean time, this suit having been instituted for the purposes already stated, it becomes necessary to construe the will of the said Mrs. Caroline M. R. Johnson in this suit, while the said chancery court, before the decision herein in *Randolph* v. *Wright*, 81 Va. 608, construed this said will differently, as has been stated.

We are of opinion that this decree is erroneous for reasons stated in writing and filed with the record in the case of *Randolph* v. *Wright, supra.* The question as to the lands in Chesterfield not having been adjudicated in that case, we are urged by counsel for appellees to review the decision in *Randolph* v. *Wright,* and to sustain the chancery court decree herein, because 'of the interests in the profits in the coal which might be dug from the Chesterfield lands. But this is a question concerning the *Chesterfield* as well as the Richmond lands, and they pass under the will aforesaid precisely as the Richmond city lands do, and no working seam of coal has been discovered, nor any other quantity of coal whatever, and there is no real controversy here concerning these supposed profits, there being no such property in existence.

The decision in the case of *Randolph* v. *Wright, supra,* applies to this case in exact terms. It is the same will, and the same language in the same will, in question in each. The decree of the chancery court must be reversed, and the cause remanded for further proceedings to be had therein in accordance with this opinion, in order to a final decree in the cause.

DECREE REVERSED.